CORNELIUS E. WOOD *vs.* INHABITANTS OF MEDFIELD.

Suffolk. Nov. 15, 1877. — Jan. 1, 1878. COLT & AMES, JJ., absent.

If a person employed by the school committee of a town to teach for a fixed time, at a stated salary, is, before the expiration of that time, dismissed by the school committee, under the Gen. Sts. c. 38, § 25, he cannot maintain an action against the town for compensation for the remainder of the time.

CONTRACT, on an account annexed, for $150, being the balance alleged to remain unpaid of the salary of the plaintiff, as teacher of the high school in the defendant town, for the year ending July 7, 1874. Trial in the Superior Court, without a jury, before *Pitman*, J., who allowed a bill of exceptions in substance as follows:

The defendant town admitted that its school committee made a contract with the plaintiff to teach the high school for said year, and that the plaintiff was ready to execute the contract. The following letter was introduced in evidence by the plaintiff, and admitted without objection by the defendant: " Medfield, Aug. 17, 1873. C. E. Wood, Esq. My Dear Sir, The school committee have had under consideration your proposal. It was voted by the board that the secretary notify you that the committee will give you the sum of $1,200 to teach the high school in Medfield, on condition that you teach from July 7, 1873, to July 7, 1874, and not without. Please reply immediately. The first term will commence Sept. 1st. Yours truly. R. T. Lombard." It was admitted that the signer of the letter was a member and secretary of the school committee, and that he had authority to write the letter, and that it truly expressed the vote of the committee, and was sent to and received by the plaintiff in due season ; that the plaintiff replied to the letter, accepting the employment on the condition named, and that he had received for his services only the sum of $1050.

The defendant, against the objection of the plaintiff, offered evidence tending to prove that on May 29, 1874, the school committee voted to close the school and discharge the teacher, and thereupon closed the school, and notified the plaintiff that his services were no longer required; but did not prove nor offer to prove the reason for their action. The defendant contended that, under the Gen. Sts. c. 38, § 25, the school committee had the power to discharge the plaintiff at any time, at its discretion, without assigning any reason. The plaintiff objected to the admission of this evidence, and contended that it would not constitute a defence to the action, and that the committee had no right to deprive the plaintiff of his full salary, except for some incapacity or misconduct of the plaintiff, or other breach of contract on his part; but the judge ruled otherwise, and admitted

the evidence, and held that it constituted a defence to the action, and ordered judgment for the defendant. The plaintiff alleged exceptions.

*G. A. Torrey*, for the plaintiff.

*A. French*, for the defendant.

LORD, J. Whatever questions might have been raised in the case, the only question presented in the Superior Court was whether the school committee was authorized by the Gen. Sts. *c.* 38, § 25, to discharge a teacher, who had been hired for a particular term, before the expiration of that term.

Upon this question there can be no doubt. The Legislature has seen fit to provide, for reasons of public policy satisfactory to itself, that " the school committee may dismiss from employment any teacher whenever they think proper, and such teacher shall receive no compensation for services rendered after such dismissal." There is in this language no exception nor qualification. No reason is required other than that which comes from their official responsibility; and no school committee has the right to bind either themselves or their successors by any contract which shall relieve them from such duty or responsibility. By law " the annual meeting of each town shall be held in February, March or April." Gen. Sts. *c.* 18, § 20. " Every town shall, at the annual meeting choose, by written ballots, a board of school committee, which shall have the general charge and superintendence of all the public schools in town. Said board shall consist of any number of persons divisible by three, which said town has decided to elect, one third thereof to be elected annually, and continue in office three years." Gen. Sts. *c.* 38, § 16. It will thus be perceived that, although the board is to some extent a permanent one, it is subject to some change annually during the months of February, March and April. If, therefore, it is competent for a school committee in July to make a contract extending beyond the time when the board may be changed by the substitution of some new members, and the new board of school committee can be thus deprived of its power over, and its responsibility for, the employment of teachers satisfactory to the board, it is difficult to say what is the limit of the power of school committees in relation to special contracts. The court has no power to interpolate into the law a special

reason for the exercise of such power, other than that which the Legislature has prescribed, to wit the official duty and responsibility of the board of school committee. Whether or not they have power to bind themselves personally by any contract, it is entirely clear that they have no power to bind the town to any other contract than that which they are authorized to make in behalf of the town; and no power to compel the town to pay for the services of a teacher after such teacher shall have been discharged by the board of school committee. Such exercise of authority would be in direct violation of the statute; and teacher as well as school committee must know that there is no authority in law by which a school committee can bind the town to pay for the services of a teacher after he shall have been discharged by the school committee acting under its obligations of duty.                    *Exceptions overruled.*